UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORDIC NATURALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-50, INDIVIDUALLY OR AS CORPORATE/BUSINESS ENTITIES,<br><br>Defendant. | Case No. 23-cv-02606-DMR<br><br>**ORDER DENYING EX PARTE MOTION FOR LEAVE TO SERVE A SUBPOENA WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 10 |

Plaintiff Nordic Naturals, Inc. filed this lawsuit against John Does 1-50 for trademark infringement, unfair competition, unfair and deceptive business practices, and related claims based on the allegations that Defendants unlawfully sold "non-genuine products bearing Plaintiff's trademarks" online. *See generally* Compl. Plaintiff alleges that Defendants are selling or have sold non-genuine nutritional supplements bearing Plaintiff's trademarks through the following eBay storefronts: 1nfinit3; World_Nutritions; DEAL HUNTER; urbabydol71; emerald.city.sales; and 777Vitamins. *Id*. at ¶ 3. Plaintiff now moves ex parte for leave to serve a third-party subpoena prior to the Rule 26(f) conference.[1] [Docket No. 10.] It seeks leave to issue a subpoena on third party eBay, Inc. for information that it claims will reveal the identities of the Doe Defendants that allegedly operate the six eBay storefronts at issue. For the following reasons, the motion is denied without prejudice.[2]

---

[1] This is Plaintiff's second ex parte motion for leave to take early discovery. [*See* Docket No. 6.] The court denied the first motion without prejudice for Plaintiff's failure to submit evidence supporting the factual contentions in its motion in accordance with Local Rule 7-5(a) and the applicable legal standard. [Docket No. 9.]

[2] This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b).

1	A court may authorize discovery before the Federal Rule of Civil Procedure 26(f)
2	conference "for the parties' and witnesses' convenience and in the interests of justice." Fed. R.
3	Civ. P. 26(d)(3). Courts have permitted "limited discovery . . . after [the] filing of the complaint
4	to permit the plaintiff to learn the identifying facts necessary to permit service on the
5	defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999); *see
6	also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the true identity of the
7	defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an
8	opportunity through discovery to identify the unknown defendants, unless it is clear that discovery
9	would not uncover the identities, or that the complaint would be dismissed on other grounds").

10	The plaintiff must show good cause for early discovery. *Semitool, Inc. v. Tokyo Electron
11	Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for
12	expedited discovery, in consideration of the administration of justice, outweighs the prejudice to
13	the responding party." *Id.*; *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066
14	(C.D. Cal. 2009) ("The party seeking expedited discovery . . . has the burden of showing good
15	cause for the requested departure from usual discovery procedures" (quoting *Qwest Commc'ns
16	Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts examine
17	whether the plaintiff (1) has "identif[ied] the missing party with sufficient specificity such that the
18	Court can determine that the defendant is a real person or entity who can be sued in federal court,"
19	(2) recounted "all previous steps taken to locate the elusive defendant," (3) established that the
20	action can withstand a motion to dismiss, and (4) demonstrated a "reasonable likelihood that the
21	discovery process will lead to identifying information about [the] defendant that would make
22	service of process possible." *Columbia*, 185 F.R.D. at 578-80.

23	Having evaluated Plaintiff's motion for early discovery "in light of all the surrounding
24	circumstances," *Semitool*, 208 F.R.D. at 275 (cleaned up), the court finds that Plaintiff has failed
25	to satisfy its burden to show good cause to take early discovery. Specifically, Plaintiff has not
26	demonstrated that the court likely has personal jurisdiction over any of the Doe Defendants. The
27	complaint includes the following allegations about personal jurisdiction:
28	> This Court has personal jurisdiction over Defendants because they

> have expressly aimed tortious activities toward the State of California and established sufficient minimum contacts with California by, among other things, advertising and selling infringing products bearing Plaintiff's trademarks to consumers within California through a highly interactive commercial website, through the regular course of business, with the knowledge that Plaintiff is located in California and is harmed in California as a result of Defendants' sales of infringing products to California residents.

Compl. ¶ 6. The motion does not expressly address personal jurisdiction and does not cite any legal authority that the foregoing allegations are sufficient to establish personal jurisdiction.

Plaintiff provides some details of Plaintiff's efforts to identify and locate the Doe Defendants in its motion. For example, eBay seller "1nfinit3" appears to have shipped an unidentified product from a California address. [*See* Docket No. 10-2 (Micheil Decl. Aug. 9, 2023) ¶¶ 4-4.4.] However, Plaintiff does not provide any authority supporting this court's exercise of personal jurisdiction over that seller based on its minimum contacts with this forum. Further, Plaintiff does not describe any contacts between the remaining five sellers and California. *See id*. at ¶¶ 5-9. *See Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) ("[a] district court's exercise of jurisdiction over a nonresident defendant comports with due process when the defendant has at least 'minimum contacts' with the forum and subjecting the defendant to an action in that forum would 'not offend traditional notions of fair play and substantial justice.'" (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))).

Accordingly, Plaintiff has failed to satisfy the first factor of the *Columbia* test. *See Columbia*, 185 F.R.D. at 578 (explaining that the first factor "is necessary to ensure that federal requirements of jurisdiction and justiciability can be satisfied"). For the same reason, Plaintiff has failed to satisfy the third factor of the *Columbia* test to the extent that it has not demonstrated that the action can withstand a motion to dismiss due to lack of personal jurisdiction over the Doe Defendants. Plaintiff's ex parte motion for early discovery is therefore denied without prejudice. *See, e.g., JT Foxx Org. v. Palmer*, No. 17-CV-02661-DMR, 2017 WL 3617111, at *6 (N.D. Cal. Aug. 23, 2017) (denying motion for early discovery without prejudice for failure to demonstrate personal jurisdiction over Doe defendant); *Bungie, Inc. v. Thorpe*, No. 21-CV-05677-EMC-DMR, 2021 WL 5178825, at *7 (N.D. Cal. Nov. 8, 2021) (same).

The initial case management conference is CONTINUED to February 7, 2024 at 1:30 p.m.

A joint CMC statement is due by January 31, 2024.

**IT IS SO ORDERED.**

Dated: November 7, 2023

Donna M. Ryu
Chief Magistrate Judge